Submitted July 5, reversed September 18, 2019

In the Matter of N. E. J. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D. B., JR.
and N. E. J. B.,
*Appellants.*

Benton County Circuit Court
18JU09549; A170138

448 P3d 717

Locke A. Williams, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant J. D. B., Jr.

Christa Obold Eshleman filed the brief for appellant N. E. J. B.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Father and child appeal a juvenile court judgment taking jurisdiction over child. The juvenile court determined that allegations in the petition as to father and as to mother had been proven, and that child was within the jurisdiction of the court under ORS 419B.100. The sole jurisdictional finding as to mother was that mother had abandoned child. Child assigns error to the juvenile court's determination that she was within its jurisdiction, arguing that there was insufficient evidence to support its finding that mother had abandoned her.

The Department of Human Services (DHS) concedes on appeal that the evidence was legally insufficient to support that finding, and it agrees that the judgment should be reversed.[1] *See State ex rel Dept. of Human Services v. C. R.*, 340 Or 436, 450, 134 P3d 940 (2006) (abandonment generally requires proof of intent to abandon). We agree with and accept DHS's concession, and we reverse the jurisdictional judgment.[2] *Dept. of Human Services v. G. C. P.*, 297 Or App 455, 459, 440 P3d 128 (2019).

Reversed.

---

[1] DHS provided notice under ORAP 8.45 that the appeal may have been rendered moot when the juvenile court subsequently terminated its wardship. Child identified continuing practical effects and collateral consequences of the juvenile court's decision. *Dept. of Human Services v. A. B.*, 362 Or 412, 426, 412 P3d 1169 (2018). Under the circumstances of this case, we are satisfied that the appeal is not moot.

[2] Father raises three assignments of error. In light of our disposition of child's appeal, we need not reach father's assignments of error. *Dept of Human Services v. W. A. C.*, 263 Or App 382, 394, 328 P3d 769 (2014) (Juvenile court jurisdiction is unwarranted if a parent capable of caring for the child safely appears in the proceeding.).